## EX PARTE JOHN WARRIS AND JOHN JOHNSON—HABEAS CORPUS.

28  371
31  262
28  371
33  307
28  371
51   32
51  143

1. Defects or irregularities in the selection of the list of registered voters from which grand jurors are drawn, or in drawing grand juries, cannot be inquired into through a writ of *habeas corpus* by the party indicted.

2. Where it appears simply that two are indicted jointly in the Circuit Court in October, and one not being in custody, the other is tried immediately and convicted and obtains a writ of error, and in the following month the judgment is reversed, and at the succeeding term of the Circuit Court in April, the one not in custody at the former term having been arrested in the meanwhile, the cause is continued on motion of the State, as to both, they demanded an immediate trial, no denial of the " right to a speedy and public trial " is shown.

3. Whether the amount of the bail required of persons is excessive, will not be inquired into on *habeas corpus*, where no complaint of it is made in the petition, and no testimony is adduced.

This is a case of original jurisdiction.

The facts of the case are stated in the opinion of the court.

*N. R. Walker* for Petitioners.

The *Attorney-General* for the State.

RANEY, C. J. :

The petitioners are held under an indictment found in the Circuit Court of Wakulla county, and shown by

the record to have presented in open court, charging them with an assault with intent to murder in that county. There is no doubt or question of that court's jurisdiction of the offense.

Defects or irregularities in the selection of the list of registered voters from which grand jurors are drawn, or in the drawing of the same, must be taken advantage of in the trial court by the proper procedure. Potsdamer vs. State, 17 Fla., 895; Gallaher vs. State, 17 Fla., 370; Burroughs vs. State, 17 Fla., 643; Gladdeh vs. State, 13 Fla., 623; Savage and James vs. State, 18 Fla., 909. Such irregularties cannot be questioned by a *habeas corpus* proceeding. Ex parte Prince, (January Term, 1891,) 27 Fla., 9 South. Rep.; Ex parte Bowen, 25 Fla., 214; 6 South. Rep., 65.

One of the petitioners, Warris, was tried and convicted in October last at the term at which they were indicted, and the judgment was reversed by this court, upon a writ of error, early in the month of March of this year. Johnson was not in custody at the time of the trial in the Circuit Court. At the Spring term in April of the present year, Johnson, who had been arrested in the interim, and Warris being in court on the second day of the term, the State-Attorney made a motion for a continuance, whereupon the prisoners by their counsel demanded an immediate trial, which the court denied, and at the same time continued the cause till the next term. Petitioners ask to be discharged on the ground that they have been denied the "right to a speedy and public trial  *  *  ," guar-

anteed by the eleventh section of our Bill of Rights. Assuming, for the purposes of this case alone, that *habeas corpus* may be the remedy for relief for a denial of the right secured by this provision of the constitution, still it cannot be presumed that the continuance was granted without good cause. There is nothing before us to impeach the contrary presumption, which obtains in this case as ordinarily ; and one continuance cannot be held, under such circumstances, to be a denial of a speedy trial.

There is no complaint in the petition that the amount of bail fixed by the Circuit Judge is excessive, nor is any testimony before us to enable us to pass upon this point.

The prisoners should be remanded, and it will be so ordered.