WILLIAM GOODSON, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

UTTERING FORGED INSTRUMENT—FALSE PERSONATION—INDICTMENT— PRESENTATION IN OPEN COURT.

1. An indictment charging the utterance and publishing of a forged instrument, should state the name of the person, firm, corporation or company to or upon whom the same was uttered, published or passed ; or else it should account for the omission by a statement in the indictment that such person, etc., is to the jurors unknown ; if it fails to do either it is fatally defective.

2. An indictment charging the procurement of property by falsely personating another, under section 41, page 364, McClellan's Digest, should allege that the property fraudulently obtained by the defendant was intended by the party from whom he got it to be delivered to the party alleged to have been falsely personated ; and should further allege that the defendant received the property with intent to convert the same to his own use. If either or both of these material averments are omitted from such an indictment, it is fatally defective.

3. The only recognized manner in which the findings of a grand jury can be authoritatively presented is in open court ; and such presentment should be affirmatively shown by a record entry in the minutes of the court, or else by the file endorsement on the indictment itself by the clerk of the court, showing that it was " presented by the grand jury and filed in open court." The record entry in the minutes is, however, the best and proper evidence of the fact. Where there is no evidence of such open court presentment, a plea in abatement predicated upon such omission should be sustained.

Writ of Error to the Circuit Court for Washington county.

The facts in the case are stated in the opinion of the court.

*W. O. Butler* for Plaintiff in Error.

First Assignment of error of defendant :

I insist that the first count is bad and that the court erred in not sustaining defendant's motion to quash the same.

This count I regard as not coming up to the require-

ments of the rules of criminal procedure and practice in such cases upon the following grounds, namely :

1. There is a general allegation in said count that the defendant knew the order was false, forged and counterfeited, and that he uttered and published the same as true with the intent thereby to injure and defraud, etc.

Now my position is this, that this count should have charged such facts as would show that the defendant knew the order to be false, forged and counterfeited, and such facts as would show who he intended to defraud, if any one, and that he passed or attempted to pass the same. 8th vol. Am. & Eng. Ency. of Law, secs. 6, 1, p. 489-494 ; People vs. Ah Woo, 28 Cal., 205 ; Commonwealth vs. Searl, 4 Am. Dec., 446.

2. I contend that the count should show affirmatively on whom (naming the party) he passed or attempted to pass the same.

The charge in the count that the defendant feloniously uttered and published the same as true with intent thereby then and there to injure and defraud one R. C. Horne, is not a charge that he attempted to pass the same upon R. C. Horne or that he did pass it upon him. Why not just as well to have charged and alleged that he, the defendant, uttered and published the same as true with intent thereby then and there to injure and defraud George Everett. There is no allegation in said count that he, defendant, made any

33

effort to pass it upon R. C. Horne. Now, to my mind there can be no plainer proposition than this : That a count in an indictment of this character must show who the defendant passed the order upon or attempted to pass it upon. There must be some overt act charged and alleged to constitute the crime.

There can be no crime of this character charged and alleged until some overt act is committed and charged. There can be no uttering or publishing until the party having in his possession a false, forged and counterfeited order passes or attempts to pass the same or commits some other overt act indicating his purpose, and these attempts or acts must be alleged and the party's name given upon whom it is alleged he attempts to defraud or does defraud.

Now none of these allegations having been charged in said count, I contend that it is wholly defective and charges no offense known to the law or statute under which this count in the indictment is brought. McClellan's Digest, sec. 2, p. 377; 2d Bishop on Crim. Procedure, 3d Ed., sec. 425, p. 425 ; State vs. Witt, 39 Ark., 216; McClellan vs. State, 32 Ark., 609 ; Stearn vs. State, 20 Ala., 43 ; Scoles vs. State, 58 Am. Rep., 768; Glass vs. State, 45 Ark., 173 ; Cearfoss vs. State, 42 Md., 403 ; People vs. Arro, 65 Am. Dec., 503.

The indictment must state facts constituting the offense. In this I contend that this count is clearly defective. People vs. Arro, 65 Am. Dec., 503 ; State vs. Thurstin, 58 Am. Dec., 695 ; Sarah vs. State, 61

Am. Dec. (see note to this), 544; 10 vol. Am. & Eng. Ency. of Law, sec. 6, p. 566-567.

Now we have no statute that makes it a crime for a party to have in his possession a forged or counterfeited order. This count in this indictment was brought under section 2 of McClellan's Digest, page 377.

Before a party can be charged and convicted under this statute he must not only be charged with having a forged or counterfeit order or paper in his possession, knowing the same to be forged, counterfeited, etc., but he must be charged with some overt act therewith in the count to make the crime complete. Hutchinson vs. State, 13 Ohio, 198; Vanvalkenburg vs. State, 11 Ohio, 404; 4th vol. Am. & Eng. Ency. of Law, sec. 8, pages 339-340; 8th vol. Am. & Eng. Ency. of Law, sec. 6, 1-2-3, pages 489-496; United States vs. Albert, 45 Federal Rep., 552.

Now as to the second count in the indictment I do not think any argument will be necessary, or any references to any authorities are necessary to convince the minds of this honorable court that the court below committed a very grave error in not sustaining the defendant's motion to quash this count in the indictment. The statute under which this count was brought, sec. 41, page 364, of McClellan's Digest, says: Whosoever feloniously personates or represents another and in such assumed character receives any property in-

tended to be delivered to the party so personated with intent to convert the same to his own use, etc.

Now there is no charge or allegation in said count that the defendant personated Joseph Goodson with intent to convert the property to his own use. I contend that this allegation is as essential as any other allegation in the statute to constitute the crime, and unless the party falsely personated another with this intent, and unless the indictment charges him with this intent, then there can be no crime or offense committed known to our statute law. McClellan's Digest, sec. 41, page 364; Stevens vs. State, 18 Fla., page 903 ; Jones vs. State, 22 Fla., page 532; State vs. Campbell, 94 Am. Dec., page 251, (see note thereto in full) ; 7 Vol. Am. & Eng. En. of Law, sec. 4, pages 764-765.

Third assignment of error of defendant:

I insist that the court erred in not sustaining defendant's plea in abatement filed to this indictment.

This indictment purports to have been found by the grand jury at the spring term of the Circuit Court for 1889. The records do not disclose that the defendant was indicted by the grand jury for the offense charged in the two counts of the indictment. The records disclose that at that term of the court the grand jury returned and presented into court an indictment against the defendant for forgery.

Now this court will note that there is a vast differ-

ence between the offense charged in the indictment against the defendant and that of forgery.

The crime charged to the defendant, that of uttering and publishing a forged order is a separate and distinct offense from that of forgery. 8 Vol. Am. & Eng. En. of Law, sec. 6, pages 489, 496, (and decisions thereunder.)

"See distinction between uttering and forging :" 8 Vol. Am. & Eng. En. of Law (note 4 at top of page), page 496 ; Barfield vs. State. 74 Am. Dec. (Ga.), page 49 ; Hatch vs. State, 34 Am. Rep. (Tex.), page 751 ; State vs. Boasso, 38 La. Ann., page 202; State vs. Hahn, 38 La. Ann., page 169; State vs. Anderson, 30 La. Ann., page 557 ; Barren vs. State, 16 Lea (Tenn.), page 61.

Now I assume the position that there can be no conviction for forgery under an indictment for uttering and publishing a forged order, etc.

To constitute the offense of forgery it is not necessary that any one be injured. This is not so in uttering and publishing. 8 Vol. Am. & Eng. En. of Law, sec. 6 and note, page 489 ; 5 Vol. Lawson's Crim. Defenses, secs. 439 and 440, page 99 ; Miller vs. State, 5 Vol. Lawson's Crim. Defenses (Ind.), page 62.

Now if the above position be a correct one then I insist that the grand jury did not return any indictment against the defendant for the crime charged in the first count in the indictment, and as to the second count in the indictment the court only has to examine the pa-

pers to ascertain whether this be true of the second count or not.

I insist that the records should have disclosed beyond all peradventure that the grand jury found and returned into court the indictment which the defendant was called upon to defend. 1 Vol. Bishop on Crim. Procedure (3d Ed.), sec. 1355, page 793 ; 10 Vol. Am. & Eng. En. of Law, sec. 2, page 455 ; 10 Vol. Am. & Eng. En. of Law, sec. 6, Nos. 2 and 3, pages 461, 462 and 463; 10 Vol. Am. & Eng. En. of Law, No. 6, page 468; 10 Vol. Am. & Eng. En. of Law, No. 7, page 470.

This court will see from an examination of the papers in the case that the records only show and disclose that at the term of the court when it is claimed that this indictment was found that but one indictment was returned into this court against this defendant and that was for forgery.

Now if this position be a correct one then the court erred in not sustaining the plea in abatement of the defendant to the indictment.

Fourth and fifth assignments of error:

The court erred in not sustaining defendant's first and second grounds in his motion in arrest of judgment.

I insist that no grand jury ever found and returned into court the indictment that the defendant was called upon to defend, and upon which he was convicted.

The records of the court do not disclose this fact. See authorities cited in third assignment of error.

Now I insist that the records failing to show this fact, that the court should have granted the defendant's motion in arrest of judgment. The authorities I have already referred to in the third assignment of error I think sufficient to sustain my position on this point.

Sixth assignment of error :

The court erred in not sustaining the several grounds of defendant in his motion to set aside the verdict and grant a new trial. The several grounds of said motion have already been discussed and I think sufficient authorities cited to sustain the position taken by the defendant in his motion to quash the indictment and his plea in abatement.

Now I insist that the court seriously erred in not setting aside the verdict and not granting a new trial.

*The Attorney-General* for Defendant in Error.

TAYLOR, J. :

The plaintiff in error, William Goodson, was indicted at the Spring term, 1889, of the Circuit Court of Washington county, First Judicial Circuit, as follows, omitting the formal introductory part of the indictment : "That William Goodson, late of the county of Washington aforesaid, in the circuit and State aforesaid, on the 14th day of January, A. D. 1889, with force and arms at and in the county of Washington, had in his custody and possession a certain false, forged and counterfeit order for the payment of money,

the said William Goodson then and there knowing the same to be false, forged and counterfeited. The order was of the tenor following :

"CHIPLEY, Fla., January the 14th, '89.
"Mr. Horn (meaning one R. C. Horn), will you please, sir, pay $25 to Joseph Goodson for me.

"GEORGE EVERETT,
"Orange Hill."

And the said William Goodson did then and there feloniously utter and publish the same as true, with intent thereby then and there to injure and defraud one R. C. Horn, the said William Goodson then and there knowing the said order to be false, forged and counterfeited, against the form of the statute in such cases made, etc. The grand jurors of the State of Florida, inquiring in and for the body of the county of Washington, upon their oaths present that one William Goodson, of the county of Washington, on the 14th day of January, 1889, in the county of Washington aforesaid, feloniously, unlawfully, knowingly and designedly did falsely pretend to one R. C. Horn that the said William Goodson was one Joseph Goodson, and that he had an order to pay money, to-wit: Twenty-five dollars, sent and signed by one George Everett, in writing, and the said order was in the words and figures as follows :

"CHIPLEY, Fla., January the 14th, '89.
"Mr. Horn (meaning R. C. Horn), will you please, sir, pay $25 to Joseph Goodson for me.

"GEORGE EVERETT,
"Orange Hill."

The said R. C. Horn believing the said William Goodson to be Joseph Goodson, and that said order was signed by one George Everett, as represented by William Goodson, for said twenty-five dollars, by means of which said false pretenses the said William Goodson did then and there unlawfully, knowingly and designedly fraudulently obtain from the said R. C. Horn twenty-five dollars, of the value of twenty-five dollars of the property, money, goods and chattels of the said R. C. Horn, with intent then and there to cheat and defraud the said R. C. Horn, whereas, in truth and in fact, the said William Goodson was not Joseph Goodson, neither was the order for twenty-five dollars, signed by George Everett, or sent by George Everett, for twenty-five dollars, so the said William Goodson then and there well knew, against the form of the statute in such cases made," etc.   On this indictment the defendant was tried on the 14th day of November, 1891, the jury finding a general verdict of guilty, without any specification as to which one of the two offenses charged in the indictment their verdict should apply.   The defendant's motion for a new trial being denied, he brings the case here upon writ of error.

Before pleading to the indictment, the defendant moved the court to quash it upon the following grounds :

"1st. The first count in the indictment is vague and indefinite, and charges no offense known to the law.

"2d. The second count in the indictment charges no

offense known to the law, and is vague, indefinite and uncertain."

This motion was overruled, and this ruling is assigned as the first error. While this motion to quash does not point out with any definiteness the particulars wherein the two counts of the indictment are vague, indefinite and uncertain, still we think that the motion should have been sustained, and the indictment quashed. The first count attempts to charge the defendant with uttering, publishing and passing a false, forged and counterfeit order for money, but does not allege any person, firm, corporation or company to, or upon, whom the same was uttered, published or passed; neither does the indictment excuse this omission with any statement that the person to, or upon, whom it was uttered, published and passed was to the jurors unknown. The reason for naming in the indictment the person upon whom the forged instrument was passed, consist in the fact that it enters into and becomes a part of the description of the offense, which should be certain ; not only that the defendant may accurately know who his accusers are, but that, in case of a second prosecution for the same utterance and passing, he may be able accurately to plead *autre fois acquit*, or *convict*, as the case may be. In 1 Chitty's Criminal Law, m. p. 211, we find the rule thus expressed : " But it is, in general, necessary to set forth the names of third persons with sufficient cer-

tainty ; and, therefore, it seems to be generally agreed at this day, that an indictment for suffering divers bakers to bake, etc., against the assize, when that offense was indictable, or for distraining divers persons without just cause, or for taking divers sums of money of divers persons for toll, can not be supported.'' The same rule applies in larceny in indictments for which the name of the owner of the stolen goods must be set out as a part of the *description* or *identification* of the property alleged to have been stolen, or else its omission must be excused by a statement in the indictment '' that the owner is to the jurors unknown.'' The correctness of this rule was recognized at an early date in the history of this court, in Groner vs. State, 6 Fla., 39, and has been adhered to ever since. Sharp vs. State, 28 Fla., 359; 9 South. Rep.; 651. As applied to indictments for uttering a forged instrument, the rule has been recognized and enforced in Buckley vs. State, 2 G. Green (Iowa), 162. In that case the allegation of the indictment as to the utterance and passing of forged and counterfeit coin was exactly like the one under consideration, and the indictment was held bad. In McClellan vs. State, 32 Ark., 609, the indictment in this respect was exactly like the one here, and was held bad.

The second count in this indictment is also fatally defective. It seems to be predicated upon section 41, p. 364, McClellan's Digest, that provides as follows :

"Whoever falsely personates or represents another, and in such assumed character receives any property *intended to be delivered to the party so personated, with intent to convert the same to his own use,* shall be deemed to have committed larceny, and be punished accordingly." Comment seems hardly necessary. In this second count there is no allegation that the property alleged to have been fraudulently obtained by the defendant was "intended by the party from whom he got it to be delivered to the party alleged to have been falsely personated ;" neither is there any allegation that the defendant received the property "with intent to convert the same to his own use." All of which is fatal to its validity ; and the omission of these essential allegations makes it fall short of charging any offense provided for by law. Jones vs. State, 22 Fla., 532. The defendant's motion to quash should have been granted.

After the overruling of his motion to quash, the defendant entered a plea in abatement, the substance of which is, that there was no evidence upon the records of the court to show that the indictment was ever returned or presented in open court by any grand jury. This plea was overruled, and such ruling is also assigned as error. The ruling of the court below upon this plea is in the following words: "He (the court) was of the opinion that there was sufficient evidence before the court to sustain the indictment, said entry

of the finding and return into court of May the 17th, 1889, being in the following words and figures, namely: ' State of Florida vs. William Goodson—forgery.' " We do not think that this was sufficient evidence, or, in fact, any evidence at all of the essential fact that such an indictment, or that any indictment, had been "presented or returned into open court by a grand jury." The bare style of a case, accompanied with the technical name of a crime, appearing by itself in the minutes of the court, without any explanation or other statement, cannot be said to prove anything. Had this styling of the cause been preceded with the customary statement: The grand jury came into court, or into open court, and presented the following indictment, then the evidence would have been sufficient and complete. Turning to the indictment itself, we find the file-marks to be as follows: "Filed May 17th, 1889, W. B. Lassiter, Clerk, by J. R. Wells, D. C." There is nothing in this to indicate that it was filed or presented in open court. At the beginning of the record before us we find the following statement made by the same clerk who filled that office at the time this indictment purports to have been found: "Be it remembered, that on the 9th day of November, A. D. 1891, came the State of Florida, the plaintiff in the case aforesaid, and by an indictment filed with the Clerk of the Circuit Court *in his said office* on the 17th day of May, A. D. 1891, called upon the defendant to answer," etc. While this preliminary statement by

the clerk in the record may be regarded as affirmative proof that the indictment was filed *in his office*, as therein asserted, instead of in open court, still it falls far short of affirmatively showing that the paper was presented and filed in open court by the grand jury. This being all there is in the record upon this subject, we do not think that there is sufficient evidence, or any evidence, that this indictment was presented in open court by a grand jury, that being the only recognized manner in which the findings of a grand jury can be authoritatively presented. Collins vs. State, 13 Fla., 651. Were the rule otherwise, it would render it possible for a designing or revengeful foreman of a grand jury to ruin any citizen by surreptitiously filing with the clerk in his office an indictment manufactured by himself alone, upon which his fellow-jurors had taken no action. With the light before us, we think the defendant's plea in abatement should have been sustained.

It is unnecessary, after what has been said, to notice any other questions raised.

The judgment of the court below is reversed, with directions to quash the indictment, and to discharge the defendant from further custody or detention thereunder.