JOHN HANLEY, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Entries required to be made in the record proper of a trial can not be contradicted by the bill of exceptions.

2. Entries contained in the record proper of a trial court import verity and they can not be questioned on habeas corpus. If the record does not state the truth, application should be made to the trial court to make its record speak the truth.

3. Where a petition for a writ of habeas corpus alleges that the petitioner was tried on Sunday and that the judgment is therefore void, and a certified copy of the record proper of the trial which is made a part of the petition states that the trial was had on Saturday, a writ of habeas corpus will not be allowed.

4. As to what period of time is included within the common law prohibition of judicial proceedings on Sunday see authorities cited.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the Court.

*M. C. Jordan,* for Plaintiff in Error.

*W. H. Ellis,* Attorney-General, and *W. J. Bryan,* for Defendant in Error.

Per Curiam.  A petition was presented to the Judge of the Circuit Court for Duval county alleging that on Sunday, November 20, 1904, one John Hanley was tried in the Criminal Court of Record of Duval county, Florida, upon an information charging him with the commission of an aggravated assault upon one Rupert M. Ammons on August 29th, 1904, and was found guilty of assault and battery, and on November 25th, 1904, he was sentenced to be imprisoned in the county jail of said county at hard labor for the period of six months and to pay a fine of $250.00, and in default of payment of said fine to be further imprisoned at hard labor in said jail for an additional period of six months; that the said John Hanley is now detained and imprisoned in the said jail by the sheriff of said county upon a commitment order issued from the said court, based upon said judgment, and that said detention and imprisonment is without lawful authority, because the said court was without jurisdiction to try said cause on said Sunday, November 20, 1904, and that said judgment and sentence of said court is entirely null and void. The petition prays for a writ of habeas corpus directed to the Sheriff of Duval county that the said John Hanley may be forthwith brought before the judge to do, submit to, and receive what the law may require.

A duly certified transcript of the record of the trial in the Criminal Court of Record of Duval county as stated

in the petition is attached to and made a part of the petition. The record proper of the trial as contained in the transcript shows that the information was filed on August 25th, 1904, and that "afterwards, to-wit: on the first day of November, in the year of our Lord one thousand nine hundred and four came the defendant, John Hanley in his own proper person and being duly arraigned in open court to this information pleaded not guilty." "And afterwards, to-wit: on the 19th day of November, in the year of our Lord one thousand, nine hundred and four, the defendant John Hanley being personally present in open court, and the cause being ready and coming on to be heard, came a jury, to-wit: (six names) who, having been duly elected, tried and sworn according to law, and having heard the evidence, argument of counsel and charge of the court, retired to consider their verdict, and after due deliberation returning into court in manner and form of law, upon their oaths do say: 'Jacksonvile, Fla., Nov. 19, 1904. We, the jury, find the defendant guilty of assault and battery. C. Lightfoot, Foreman.'"

A motion in arrest of judgment was made on November 23rd, one of the grounds being that "said court tried said cause and charged the jury and received and recorded the verdict of the said jury on Sunday, Nov. 20, 1904, both by standard and local meridian time, said cause being submitted to the jury 12:05 a. m. standard time and 12:35 a. m. local meridian time, or Sunday, Nov. 20, 1904." This motion was denied.

A motion for a new trial containing in substance the same ground, and supported by two affidavits, was denied, and the defendant was sentenced Nov. 25, 1904. The order denying the motion for new trial as shown by the bill of exceptions contains the following: "the statements in the affidavits submitted by defendant in support of said mo-

tion as to the submission of said cause to the jury after 12 o'clock p. m. standard time on Saturday, November 19th, 1904, were incorrect. That the judge looked at his watch after he finished giving his charge to, and submitted said cause to said jury, and that his watch (which was correct) showed that it was 11:58 o'clock p. m., standard time on Saturday November 19th, 1904, when said jury retired to consider of their verdict."

The Circuit Judge denied the writ of *habeas corpus,* and allowed a writ of error to this court.

The only error assigned here is the "refusing the petition in behalf of said John Hanley for a writ of *habeas corpus* as prayed for in said petition."

The contention is that the cause was submitted to the jury by the court after twelve o'clock by local meridian time on Saturday night and that the judgment of the court is, therefore, void.

The entries in the record proper in the trial court show that the trial was had and the verdict rendered on Saturday November 19th, 1904, and the motion in arrest of judgment stating that the trial was had on Sunday was denied. Entries required to be made in the record proper can not be contradicted by the bill of exceptions. Reynolds v. State, 34 Fla. 175, 16 South. Rep. 78, and authorities therein cited.

The entries contained in the record proper of a trial import verity and they can not be questioned on *habeas corpus.* If the record does not state the truth, application should be made to the trial court to make its record speak the truth. The transcript of the record of the trial is made a part of the petition and it conclusively rebuts the allegation of the petition that the trial was had on Sunday. The order of the Circuit Court denying the writ

was, therefore, proper. It does not become necessary to decide the question presented by the plaintiff in error, but the following cases bear upon the point as to what period of time is included within the common law prohibition of judicial proceedings on Sunday. Hodge v. State, 29 Fla. 500, text 508, 10 South. Rep. 556; Hillier v. English, 4 Strob. Law (S. C.) 486; Fox v. Abel, 2 Conn. 541.

The order of the Circuit Judge in denying a writ of *habeas corpus* is affirmed, at the cost of the plaintiff in error.

All concur.