ALFONZO GOMEZ, v. W. C. SPENCER, Sheriff.

151 So. 395.

En Banc

Opinion Filed December 8, 1933.

*W. B. Dickenson,* for Petitioner;

*Cary D. Landis,* Attorney Genral, and *Robert J. Pleus,* Assistant, for Respondent.

BROWN, J.—Alfonzo Gomez recently filed in this Court a petition for a writ of habeas corpus, alleging that he was unlawfully detained of his liberty by the Sheriff of Hillsborough County. Petitioner alleged that he was arrested in Tampa on November 9, 1933, on a capias issued out of the Criminal Court of Record of Hillsborough County on a supposed information wherein petitioner and certain other

persons were charged with the intent to commit murder. A copy of the information and capias is attached to the petition and made a part thereof.

The copy of the information thus attached appears to be sufficient on its face to charge the petitioner with the crime above mentioned. It is endorsed by the Clerk of the Criminal Court of Record by his deputy as having been filed on July 3, 1928, and it is charged that the offense was committed on June 7, 1928. The copy of the capias appears to be an alias capias in due form issued February 18, 1929.

But the petition alleges that said information was never filed by the County Solicitor of Hillsborough County in the records of the Criminal Court of Record of said county within two years after the alleged time of the commission of the offense charged in the information, as required by law, nor was such information docketed in the progress docket or any other docket in the office of the clerk of said court nor entered in the minutes of said court by the clerk or any other officer, within two years after the commission of the alleged offense.

The petition further alleges that on or about the third day of July, 1928, the then County Solicitor swore to the form of the information attached as an exhibit to the petition, and on the said date caused a deputy clerk to mark the same filed and immediately withdrew the same from the office of the Clerk of the Criminal Court of Record and retained the same and at the same time instructed that the same be not docketed or entered in the minutes or recorded in any manner in the records of said court, and that the County Solicitor did retain the said information and that the same has never been filed or docketed in the records of said court as required by law. That there was never any proceedings in any justice's court or any other court of competent jurisdiction initiating any prosecution of this

petitioner upon the said charge, but that the only step in this regard was the attempt to initiate the prosecution as above set forth by the County Solicitor. That therefore there was no prosecution of petitioner upon said charge initiated before the expiration of two years after the date of the alleged commission of the offense charged.

A writ of habeas corpus was duly issued and the sheriff filed in this Court on November 13, 1933, his return, in which he set forth that he detained the petitioner pursuant to his execution of a certain capias issued by the Criminal Court of Record of said county, under date of November 9, 1933, which capias was in the usual and regular form and had been returned to the court duly executed; that said capias is based upon a certain information duly sworn to by the then County Solicitor of Hillsborough County on July 3, 1928, which information "was duly filed in the office of the Clerk of the Criminal Court of Record of said county as shown upon said information, on the 3rd day of July, 1928, under file No. 0527, a copy of which information is attached to the petition herein."

The sheriff in his return further alleges that he is without knowledge concerning any alleged instructions which the then county solicitor may have given any officer of said Criminal Court of Record concerning the docketing or not docketing of said information. That he, not being an officer at the time, has no knowledge of the whereabouts of the petitioner until early in the year 1933, when petitioner was arrested by one of his deputies.

The petitioner has moved the Court for discharge from custody for the reason that the return of the respondent sets up no sufficient or valid grounds for petitioner's detention. The petitioner's contention is that no prosecution was really commenced within the two years provided by

the statute (Section 7113 C. G. L.) in that the information was not actually filed within contemplation of law, because the county solicitor caused a deputy clerk to mark it filed and immediately withdrew the same from the offices of the clerk and retained the same, and instructed that the same be not docketed or entered in the records of the court; and therefore said information has never been filed or docketed as required by law. The sheriff by his return shows that he is not in a position to negative the allegations of the petition as to the circumstances connected with the filing of the information by the county solicitor. The return does allege that the information was "duly filed," as shown by the copy of the information itself, attached to the petition, but alleges that respondent "is without knowledge" concerning any alleged instructions which the then county solicitor may have given any officer of said Criminal Court of Record concerning the docketing or recording of said information.

Section 7113 C. G. L. provides that: "All offenses not punishable with death shall be prosecuted within two years after the same shall have been committed." We have held that under the statute the burden is upon the prosecution, upon trial of the case, to show that the commission of the offense charged was within the statutory period, even though the statute be not specially pleaded.

Section 8257 C. G. L. provides that all offenses of which the Criminal Court of Record has jurisdiction shall be prosecuted "upon information filed by the county solicitor under oath," and that the same rules of practice and pleading that now obtains as to indictments shall obtain as to informations.

Section 8258 C. G. L. provides: "Information may be filed with the clerk of the county courts and criminal courts of record in vacation, without leave of the court being first

had and obtained, and upon information so filed the clerk of said court shall docket cases and issue any and all necessary process, and the same as if filed in term time by leave of the court."

Section 8375 C. G. L. provides that: "After any person shall be indicted for felony or for a misdemeanor, or after an information shall be filed against him, if he be not already in custody, a capias shall issue for his arrest and shall be directed to all and singular the sheriffs of the State of Florida," etc.

In the case of State *ex rel*. Melson v. Peeler, 146 So. 188, 107 Fla. 615, this Court held that the mere failure of the clerk to issue capiases on the informations involved in that case until after two years from the commission of the offenses charged, did not render the informations subject to the bar of the statute, or affect the jurisdiction of the court, in view of the fact that the prosecutions were begun when the informations were *duly filed* by the authorized official before the expiration of the two year period. In the cited case both the informations were filed on March 13, 1931, within two years from the dates on which the offenses were alleged to have been committed, but the capiases were not issued on the informations until August 23, 1932, more than two years after the alleged commission of the offenses charged. Whether or not the clerk docketed the cases after the filing of the informations does not appear; at least no question was raised on that point. It was observed in the cited case that the statute above referred to requires the issuance of process "as a ministerial duty." The holding of the Court was that the statutory limitation of two years for the institution of a prosecution does not bar the prosecution "if a sufficient indictment or information is *duly filed* before the expiration of two years from the date

of the commission of the offense charged." (Italics supplied.)

This holding seems to be in line with the decisions in other jurisdictions. See 16 C. J. 231. And in 31 C. J. 636, it is said:

"While an information must be filed, and it has been said to be the uniform practice in one jurisdiction to file it in open court, in other jurisdictions it is held that this is not necessary, but that it may be filed in the clerk's office. The delivery of the information to the clerk is a 'filing' in law. In the absence of a mandatory statute the validity of the filing of an information or of proceedings thereon is not affected by failure to enter the filing on the order book or on the minutes or docket of the court; a proper minute or indorsement on the information itself is sufficient, the information, with the indorsements thereon, being a part of the record."

Prior to the adoption of the statute, an information could not be filed in vacation; and a warrant issued on an information filed in vacation was invalid. Sims v. State, 26 Fla. 97, 7 So. 374. And in the same case it was remarked that the "uniform practice under it (the statute referred to) has been to file the information in open court." See also in this connection King v. State, 17 Fla. 183.

It was evidently the purpose of Section 8258 C. G. L. above quoted, to require, in all cases where informations might be filed in vacation, that each information so filed should be left in the custody of the clerk and that the clerk should docket such cases and issue any and all necessary process within a reasonable time. The effect of the decision in State *ex rel.* Melson v. Peeler, *supra,* is that mere delay by the clerk in the issuance of a capias to a date beyond the two-year period, will not bar the prosecution, if the

information itself was duly filed within two years after the commission of the offense. As already observed, the failure of the clerk to *docket the case,* upon the information being filed, or within a reasonable time thereafter, was not involved in the case cited.

The petition alleges that the information was never docketed nor entered upon the minutes of the Criminal Court of Record, "all of which will more fully appear by referring to a certificate signed by the Clerk of the Criminal Court of Record hereto attached and made a part of this petition." But the certificate of the clerk evidently refers to another case entirely. It reads in part as follows:

"I further certify that an information presented to me bearing the mark on the back 0528 in the case of the State of Florida v. Joe Gonzales, Ramon Remirez alias Ramon Miranda and Alfonso Gomez; information for Assault with intent to murder *Henry B. Airth,* was not entered upon any docket in the records of the said court until sometime in August, 1933, nor has the same ever been entered in any minutes of the said court, there being no record of the said information in any permanent record of the Criminal Court of Record of Hillsborough County, Florida." (Italics supplied.)

The file mark on the back of the information here involved is No. 0527 and the information charges assault with intent to murder one Ulmer Hawkins, so there is no clear showing that the information involved in this case was not docketed and entered upon the minutes, even if this should be held to be necessary to the validity of the information, a question which we do not feel called upon here to decide.

The allegations in the petition that the County Solicitor, after having sworn to the information, caused a deputy clerk to mark it filed and immediately withdrew it and re-

tained possession of it, and instructed the clerk not to docket the same or enter the same on the minutes, raises a very serious question as to whether the information ever in fact passed out of the custody of the County Solicitor and into the custody of the clerk of the court; or to express it another way, whether there was ever a *bona fide filing* of the information within the meaning of the statute, which is of course essential to the validity of the information. But here we have a question of fact, a matter *in pais,* a matter *de hors* the record, presented to us in such fashion that we cannot dispose of it on this habeas corpus proceeding. The information, a copy of which is attached to and made a part of the petition, is valid and sufficient on its face, issues from a court of competent jurisdiction, sufficiently charges an offense against the laws of this State, is duly and properly sworn to by the then County Solicitor, and is duly marked filed by the clerk, per his deputy, and a filing number indorsed thereon, all within two years from the date of the commission of the offense alleged in the information. As was pertinently stated by Assistant Attorney General Pleus upon oral argument in this case, the petitioner has a complete remedy as to these questions by motion to quash or motion in arrest; that any question of good faith in the prosecution of the cause or in the filing of the information, are all questions which can be properly raised upon the trial of the case, when the burden of proof would be upon the State to prove that the offense was committed within two years prior to the institution of the prosecution against the defendant.

In the case of French v. Turner, 137 So. 521, 103 Fla. 425, this Court held that where an indictment appears valid, a writ of habeas corpus should be quashed, notwithstanding petitioner may have a valid defense based on the statute

of limitations. In that case this Court, speaking through Chief Justice BUFORD, said:

"The petitioner attempted to gain his release from the custody of the Sheriff of Broward County, who the petioner alleged unlawfully held him under a capias issued from the Circuit Court of Broward County on an indictment returned after the running of the statute of limitations as to the crime attempted to be charged therein. It is sufficient here to say that the indictment appears to be valid on its face, and whether or not the statute of limitations had run so as to bar the prosecution under the facts is a proper matter to be determined, as is any other material matter, on the trial."

The case just cited seems to be decisive of the question here presented. There are two other cases decided by this Court which have a bearing on this case, viz: White v. Penton, 92 Fla. 837, 110 So. 533, and Lehman v. Sawyer, 143 So. 310, 106 Fla. 396. In the last cited case it was said:

"There was in our opinion no ground for habeas corpus proceedings. It would disturb the orderly course of the administration of the criminal law if defendants were permitted to anticipate the regular trial of the case in the court vested with jurisdiction by asserting their defenses before the judge of some other court upon habeas corpus proceedings. We are inclined to think that it would form a troublesome precedent if this Court were to adopt a rule which would permit a defendant held under an indictment or information, valid on its face and issuing from a court of competent jurisdiction, to obtain discharge on writ of habeas corpus by introducing evidence on the hearing under the writ tending to show that the alleged offense was committed at a point across the county line, or across the State

line, and hence beyond the territorial jurisdiction of the court. If this question were permitted to be determined in due course upon the trial of the case in the court from which the indictment or information issued, the State might have a more effective opportunity to rebut, if possible, the testimony of the defendant on such point. So, from a practical standpoint ts well as from the standpoint of general legal principles governing habeas corpus proceedings, we are inclined to hold that the question of lack of territorial jurisdiction, or venue, arising from the geographical location of the point where the alleged offense, if any, was committed, is a question which the defendant himself can interpose upon the trial of the case, or ask for an instructed verdict upon the State's failure to prove that the offense charged was committed within the court's jurisdiction, and that upon this question he cannot obtain an anticipatory decision by writ of habeas corpus any more than he could of any other question which he might have the right to raise on the trial of the case, which would entitle him to a verdict and judgment in his favor. Of course, if the indictment or information upon which the defendant is held should show on its face the particular location of the commission of the alleged offense, and such location so alleged was as a matter of law beyond the territorial jurisdiction, an entirely different question would be presented."

But petitioner contends that the information is invalid because, under the circumstances alleged in the petition, connected with attempted filing of the information, show that there was no valid filing. We do not question the good faith of these allegations of fact on the part of the petitioner, but we think he has an adequate remedy to present this question in the Criminal Court of Record of Hillsborough County, and on such hearing the State would be afforded

an opportunity, which it does not have here, to rebut these allegations, if it can be done. The State is not a formal party to this case. Here, the sheriff, the only representative of the State, if he can be deemed such, who is party to this case, merely says in effect that he was not sheriff at the time and is without knowledge concerning such allegations.

In *Ex Parte* Warris and Johnson, 28 Fla. 371, 9 So. 718, it was said:

' "Defects or irregularities in the selection of the list of registered voters from which grand jurors are drawn, or in the drawing of the same, must be taken advantage of in the trial court by the proper procedure. Potsdamer v. State, 17 Fla. 895; Gallaher v. State, 17 Fla. 370; Burroughs v. State, 17 Fla. 643; Gladden v. State, 13 Fla. 623; Savage and James v. State, 18 Fla. 909. Such irregularities cannot be questioned by a *habeas corpus* proceeding. *Ex Parte* Prince (January Term, 1891), 27 Fla. 9 So.; *Ex Parte* Bowen, 25 Fla. 214, 6 So. 65."

And in the case of *In Re* Robinson, 73 Fla. 1068, 75 So. 644, the third and fourth head notes read as follows:

"3.  The writ of habeas corpus cannot be used as a substitute for a motion to quash or a writ of error or an appeal.

"4.  The right to attack an information by the writ of habeas corpus is more limited than is permitted in motions to quash and in arrest, and may avail only when the offense charged does not constitute a crime under the laws of the State, by reasons of the unconstitutionality of the statutes invoked, or when there is a total failure to allege a crime under any statute; inartificiality in pleading will not avail."

But in Thorpe v. Smith, 64 Fla. 154, 59 So. 193, it was held that where a person is held under a conviction on an information charging an act of which the court had no

jurisdiction to try him, he may be discharged on habeas corpus. And in 29 C. J. 43, it is said:

"But where the indictment, information, affidavit or complaint is fatally defective and void, relief may be had on habeas corpus."

In the light of the opinions and decisions in the above cited cases, we are of the opinion that the petitioner's motion for discharge from custody should be denied, and that the petitioner should be remanded to the custody of the respondent sheriff, without prejudice to his right to raise the questions set forth in his petition, by any appropriate method, in the Criminal Court of Record of Hillsborough County whenever this case comes up for trial.

It is so ordered.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.