BILL YOUNG, *Plaintiff in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

Decision filed February 16, 1929.

*Whitaker Brothers,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the final order herein, and briefs, and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said final order; it is, there-

fore, considered, ordered and adjudged by the Court that the said order of the circuit court be, and the same is hereby affirmed. See Sawyer v. State, 94 Fla. 60, 113 So. R. 736.

Affirmed.

TERRELL, C. J., AND WHITFIELD, BROWN AND BUFORD, J. J., concur.

PER CURIAM.—In *habeas corpus* proceedings it appears that Bill Young was convicted and sentenced to imprisonment upon an information signed, sworn to and filed by the Assistant County Solicitor for Hillsborough County. The petitioner prayed to be discharged from custody because of the alleged invalidity of the information. The Circuit Court remanded the petitioner and allowed him writ of error. The final order was affirmed and a rehearing is asked.

In Segars v. State, 94 Fla. 1128, 115 So. R. 537, it was held that in view of the provision of Section 28, Article V of the constitution that all offenses triable in the Criminal Court of Record, "shall be prosecuted upon information under oath to be filed by the prosecuting attorney" etc., the statute, Section 5975, Rev. Gen. Stats. 1920, could not legally authorize an assistant county solicitor to file information under his own oath; and that it was error to overrule a motion to quash the information and a motion in arrest of judgment made at the term of the court in which the conviction was had.

In Sawyer v. State, 94 Fla. 60, 113 So. R. 736, the information was filed under the oath of the assistant county solicitor, but the defendant made no objection to the indictment except by motion made after the term of the court

had expired to vacate the judgment of conviction, restrain its execution and quash the information. The court in affirming the judgment of conviction held that both the court and the defendant having without objection recognized and acquiesced, in the authority of the assistant solicitor to sign and file the information and represent the State in the prosecution, it will be presumed in aid of the court's jurisdiction, when attacked after the term by motion to vacate the judgment, that the county solicitor had either expressly authorized, or adopted and ratified the filing of the information. See Caha v. U. S. 152 U. S. 211, 221.

In this case the petitioner was convicted in 1926, and the application for a writ of habeas corpus herein was presented February 24, 1928. It does not appear that at the trial the defendant by motion to quash, motion in arrest of judgment or otherwise during the same term of the court, made any objection or exception to the manner in which the information was signed or sworn to. The court had jurisdiction of the offense and of the defendant and it is not alleged that the information did not charge an offense under the laws of this State, as in State ex rel. Lockmiller v. Mayo, 88 Fla. 96, 101 So. R. 228. The statute purporting to authorize the assistant county solicitor to file information under his own oath may be invalid in that respect, but this does not make void a judgment of conviction on such an information, rendered by a court having jurisdiction of the parties and of the subject matter and when a defendant does not duly object to the manner in which the information is signed and sworn to, at the proper time and in the proper way, he thereby waives his right to do so, and cannot invoke *habeas corpus* to obtain a discharge from custody.

Rehearing denied.

TERRELL, C. J., AND WHITFIELD, BROWN AND BUFORD, J. J., concur.