State, ex rel. J. H. Wendler, v. D. C. Coleman, Sheriff Dade County.

187 So. 696.
Division A.
Opinion Filed October 31, 1938.
Rehearing Denied April 10, 1939.

*Tom Norfleet* and *Frank Clark, Jr.,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for Defendant in Error.

*Thomas H. Anderson* and *Robert R. Taylor* as *amicus curiae.*

PER CURIAM.—In habeas corpus proceedings the Circuit Court entered the following Order and Judgment:

"This cause came on to be heard upon the petition for a writ of habeas corpus, the writ of habeas corpus and the return as amended, filed by the Respondent, and upon the oral motion of relator for his discharge notwithstanding the return, and a certificate of the County Judge of Dade County, Florida, as to the proceedings had before him in the preliminary hearing of the accused on the charge for which he was convicted and for which he herein seeks his release in habeas corpus, together with the records of the proceedings had in the Criminal Court of Record and on the Writ of Error taken from the Circuit Court to review said judgment and as argued by counsel for the relator and respondent.

"Relator contends that the judgment of conviction in the Criminal Court of Record is void and that all proceedings leading up to the trial, including the information filed by the County Solicitor, are void for reasons stated in the petition for writ and the amendment thereto and therefore the arrest of relator under commitment from the Criminal Court of Record is illegal and that relator should be discharged on habeas corpus. In this connection the court finds that all proceedings leading up to the filing of the information whether before the committing magistrate or before the County Solicitor are no part of the record of the case unless the propriety or regularity of such preliminary proceedings are challenged by defendant in the court below by some appropriate plea in abatement, or otherwise brought to the attention of the trial court. In the present case relator was arraigned and plead 'not guilty.' He was

represented by able counsel at the trial. The defendant was found guilty by the verdict of the jury and sentence and judgment was pronounced and entered. A writ of error was taken to the Circuit Court of Dade County and the judgment of the lower court was affirmed. A petition for a writ of certiorari to the Supreme Court of Florida was filed, and the petition was denied and mandate issued thereon.

"It would seem that relator has exhausted all remedies allowed him by law and now brings this petition for a writ of habeas corpus for the purpose of setting him free, notwithstanding the various judgments above referred to by three different courts of this State.

"In considering the entire record, the Court finds that the information filed by the County Solicitor in the Criminal Court of Record against the relator was not void *ab initio*, but merely voidable if attacked by the defendant in some proper manner before the Trial Court.

"The statute of limitations has run against any further prosecution of relator for the reason that the offense, less than capital, was charged to have been committed on October 4th, 1935.

"Upon consideration whereof it is ORDERED, AND ADJUDGED that the Motion for the relator's discharge, notwithstanding the return, be and the same is hereby denied, the said return being held sufficient, and the relator is hereby remanded to the custody of the respondent sheriff to be dealt with according to law.

"Writ of error will be allowed and amount and conditions of supersedeas bond, on application of relator.

"DONE AND ORDERED in Chambers at Miami, Florida, this 14th day of February, A. D. 1938."

To this judgment writ of error was sued out.

Section 28, Article V of the Constitution provides:

"All offenses triable in said Court shall be prosecuted upon information under oath, to be filed by the prosecuting attorney, but the grand jury of the Circuit Court for. the County in which said Criminal Court is held may indict for offenses triable in the Criminal Court. Upon the finding of such indictment the Circuit Judge shall commit or bail the accused for trial in the Criminal Court, which trial shall be upon information."

Section 10 of the Declaration of Rights provides in part:

"No person shall be tried for a capital crime unless on presentment or indictment by a grand jury, and no person shall be tried for other felony unless on presentment or indictment by a grand jury or upon information under oath filed by the prosecuting attorney of the court wherein the information is filed, except as is otherwise provided in this Constitution, and except in cases of impeachment, and in cases in the militia when in active service in time of war, or which the State, with the consent of Congress, may keep in time of peace. Any person under such information, presentment or indictment for any felony not capital may be arraigned and may enter a plea in term time or in vacation, and the judgment and sentence of the court on a plea of guilty may be made and entered either in term time or in vacation."

So there is no provision of the Constitution requiring that information may be based only upon testimony taken before the County Solicitor.

Section 5976 R. G. S., 8257 C. G. L., provides:

"METHOD OF PROSECUTION.—All offenses of which said Court has jurisdiction shall be prosecuted upon information filed by the County Solicitor under oath and the same rules of practice and pleading that now obtain as to indict-

ments shall obtain as to information. All informations shall begin in effect as follows: '(Name of County Solicitor) county solicitor for the county of ................................... prosecuting for the State of Florida, in the said county, under oath information makes that ............................' and such information shall have appended thereto the oath of the county solicitor to the effect following: 'Personally appeared before me ................................... county solicitor, who being first duly sworn, says that the allegations as set forth in the foregoing information are based upon fact that have been sworn to as true, and which, if true, would constitute the offense therein charged,' which affidavit shall be made by the county solicitor before some person qualified to administer an oath."

The information in this case on its face measures up to both constitutional and statutory requirements. There can be no question that statutory requirements as to procedure in the regard here under consideration may be and are waived if not timely objected to. See Young v. State, 97 Fla. 215, 113 Sou. 736.

On authority of the opinion and judgment in that case, the judgment of the Circuit Court must be affirmed.

It is so ordered.

Affirmed.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion, and judgment.