JESSE McINTOSH v. STATE (No. 7205); CLEVE PRYOR v. STATE (No. 7204).

192 So. 183

Division B

Opinion Filed August 1, 1939

On Rehearing October 24, 1939

Rehearing Denied December 1, 1939

864

*Cyrus W. Fields* and *McArthur & Akerman,* for Plaintiffs in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis, Jr.,* for Defendant in Error.

CHAPMAN, J.—The plaintiffs in error, Jesse McIntosh and Cleve Pryor, were separateely informed against by the County Solicitor of Hillsborough County, Florida, but by consent of counsel were jointly tried by the same jury in the Criminal Court of Record of said County. Jesse McIntosh was convicted under count one of the information, which charged him with the possession of bolita tickets which were evidence of an interest in a lottery not yet played.

Cleve Pryor was convicted by the jury under count one of the information charging him with the possession of bolita tickets which were evidence of an interst in a lottery not yet played. The lower court sentenced each defendant to pay a fine of $750.00 or to be confined for a period of six months in the county jail of said county. From these judgments of conviction writs of error were sued out and appeals perfected to this Court.

The record shows that during the progress of the trial in the lower court the following proceeding occurred, viz.:

"Mr. McArthur: Comes now the defendants in this cause and moves the Court to issue a subpoena *duces tecum* directed to the stenographers—I believe you have two of them. What are their names please?

"Mr. Spicola: Miss Gravitt and Mrs. Altman.

"Mr. McArthur: Miss Alma Gravitt and Mrs. Altman, directing them to appear before the court here in Tampa, with their notes taken at the time of the preliminary hearing in this case in Judge Savareze's court, and their stenographic notes, if any, as to any testimony that may have been taken by them, or either of them, in the office of the County Solicitor, from this witness.

"The Court: It is denied.

"Mr. Spicola: Are you through with this witness?

"Mr. McArthur: No, sir, I ask the Court then to allow me to apply to the clerk for a subpoena *duces tecum* for these witnesses to appear—

"The Court: Mr. McArthur, I am not going to issue the process of this court for you just on a fishing expedition. There is absolutely no showing before this court so far that their testimony will in any way contradict the testimony of this witness. Furthermore, I am not going to take my time or the time of this jury to go over there and do that. Anyhow, you or Mr. Fields have had plenty of time to do that without stopping proceedings here to do it now. You can have an exception to my ruling and if I am wrong on it I may be reversed by the Supreme Court, but I am not going to permit this now.

"Mr. McArthur: I ask that the jury be withdrawn.

"The Court: Absolutely denied.

"Mr. McArthur: I move the Court at this time to de-

clare a mistrial for the reasons stated in reference to an appeal and the possible reversal by the higher court.

"THE COURT: Absolutely denied.

"To which ruling of the Court the defendants by their counsel duly excepted."

It is contended by counsel for plaintiffs in error that the proceedings, *supra*, constitute reversible error. We agree to this contention. See State *ex rel.* Brown v. Dewell, 123 Fla. 785, 167 So. 687.

For the error pointed out the judgments appealed from are each hereby reversed and a new trial awarded.

WHITFIELD, P. J., and BROWN, J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

BROWN, J. (concurring).—While I dissented in the case cited in the above opinion, it stands as a precedent which we must follow until a majority of the Court sees fit to overrule it, which they have not yet seen fit to do.

### ON PETITION FOR REHEARING

PER CURIAM.—In our opinion filed August 1, 1939, we reversed the judgment below on authority of Brown v. Dewell, 123 Fla. 785, 167 So. 687. On rehearing, it is urged that said judgment of reversal was erroneous because the facts in this case do not bring it within the rule in Brown v. Dewell, *supra*.

In Brown v. Dewell, the application was to require production at the trial of testimony taken before the grand jury; the application was seasonably made and the record sought was one made in orderly court procedure. In other words, the matter sought was a legal record made by the official

court reporter under direction of the court while in the case at bar, the motion would indicate that the record required to be produced was in part from the private files of the County Solicitor and in part an official one made in due course.

From the briefs in this case, much confusion has arisen as to the scope to be given the opinion of this Court in Brown v. Dewell, *supra*. It was never intended or suggested by that opinion that defense counsel could at their will or pleasure undertake a fishing expedition to hunt evidence *ad libitum* to prove his case. Neither was it intended that defense counsel should be permitted to invade the private office of the County Solicitor, State Attorney, or other prosecuting officer and gain access to the records of his office that were made for his guidance and help.

It extends only to legal or public records that have been regularly made in due course of legal procedure and as to these, the application must be seasonably made. Not only that but it must be shown that the evidence sought is material and necessary to the defendant's cause. It in no sense reaches notes or evidence taken by the prosecuting officer at his expense and by his private stenographer. These are the private property of the solicitor. Motions of this kind made after the trial has commenceed come too late and should be denied.

On second consideration of the cause in the light of the rule here announced, we have reached the conclusion that our former judgment of reversal should be receded from and the judgment below affirmed.

The reason for this change of view is that on our former consideration, we were under the impression that the application was seasonably made and that it should have been granted as to testimony taken at the preliminary hearing.

We now find that the application was not made until the trial was in progress.

It is so ordered.

WHITFIELD, P. J., BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

## ON PETITION FOR REHEARING

PER CURIAM.—On petition for rehearing on the part of plaintiffs in error it is also contended that evidence sufficient to sustain the convictions was not adduced on the part of the State. Plaintiffs in error were each by the jury convicted under counts one of the respective informations. The informations against each of them were filed September 12, 1938, and count one in one information charged that one of the plaintiffs in error, Cleve Pryor, on July 22, 1938, in Hillsborough County, Florida, did unlawfully and feloniously have in his possession tickets in a certain lottery commonly known as New York Bond, which said lottery was then and there conducted for money, and said tickets were evidence of an interest in the aforesaid lottery not yet played. Count one of the other information made a similar charge against plaintiff in error, Jesse McIntosh, with reference to the possession of Bolita tickets.

The evidence shows that an officer, around 8:00 o'clock P. M., July 22, 1938, saw one of the defendants at a darkey drink stand take some papers from his pocket and then count his money; other defendants did likewise; the defendants drove away in a car and the officers followed and arrested one of the defendants on a charge of reckless driving; some of the defendants threw their tickets away, which the officers

secured and identified as "Parlay," Bolita and New York Bond tickets; each of the defendants had some cash on his person; the Bolita drawing was scheduled for 9:30 P. M. on July 22, 1938, and the defendants were arrested around 8:00 P. M., about one and one-half hours before the drawing. The defendant McIntosh admitted to the arresting officer that he had Bolita tickets; the defendant Pryor had in his possession New York Bond tickets, which the evidence tended to show represented chances in a lottery not yet played, but none of the tickets were sent to this Court along with the record. We think there is ample testimony to sustain the verdict and judgment. All the other questions raised by plaintiffs in error has been considered, but no reversible error is shown.

Petition for rehearing is denied.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.